UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

APRIL P.[1] o/b/o T.M.,

                        Plaintiff,

v.                                             1:21-CV-145 (JLS)

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
_____

## DECISION and ORDER

Plaintiff April P. brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) of the Social Security Act, seeking review of the decision made by the Commissioner of the Social Security Administration finding that Claimant, a minor child, was not disabled. Dkt. 1. Plaintiff moved for judgment on the pleadings. Dkt. 7. The Commissioner responded and cross-moved for judgment on the pleadings, to which Plaintiff replied. Dkts. 8, 9. For the reasons below, the Court denies Plaintiff's motion and grants the Commissioner's cross motion.

## PROCEDURAL HISTORY

On September 17, 2013, an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act was filed on Claimant's behalf.

_____

[1] Pursuant to the Western District of New York's November 18, 2020 Standing Order regarding the naming of plaintiffs in Social Security decisions, this decision and order identifies Plaintiff by first name and last initial.

Tr. 75.[2] Claimant's application was initially denied, after which Plaintiff timely requested a hearing before an Administrative Law Judge ("the ALJ"). On January 4, 2014, Plaintiff and Claimant appeared before the ALJ, Susan Smith. Tr. 46-74. On January 28, 2016, ALJ Smith issued a written decision finding Claimant not disabled under the Social Security Act. Tr. 16-35. On May 8, 2017, the Appeals Council ("AC") denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. Tr. 1-6. Thereafter, Plaintiff timely sought judicial review in this Court. On May 17, 2019, the United States District Court for the Western District of New York entered a decision and order remanding Claimant's case for further proceedings. Tr. 447-453; *McCloud o/b/o T.N.M. v. Comm'r of Soc. Sec.*, No. 17-CV-611, 2019 WL 2135480 (W.D.N.Y. May 16, 2019). On July 9, 2019, the AC entered a Notice of Order of Appeals Council Remanding Case to Administrative Law Judge. Tr. 454-456.

On September 14, 2020, Plaintiff and Claimant appeared before the ALJ, Stephan Bell. Tr. 400-420. On October 8, 2020, ALJ Bell issued a written decision finding Claimant not disabled under the Social Security Act. Tr. 381-393. Plaintiff timely sought judicial review in this Court.

---

[2] The filing at Dkt. 6 is the transcript of the proceedings before the Social Security Administration. All references to Dkt. 6 are hereby denoted "Tr. __."

2

## **LEGAL STANDARDS**

I. **District Court Review**

Judicial review of disability claims under the Act is limited to whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied. *See* 42 U.S.C. § 405(g); *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013). The Commissioner's factual findings are conclusive when supported by substantial evidence. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted).

While the Court does not determine *de novo* whether the claimant is disabled, the Commissioner's conclusions of law are not given the same deferential standard of review. *See Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003). If there is a reasonable doubt as to whether the ALJ applied the correct legal standards, then upholding the determination "creates an unacceptable risk that a claimant will be deprived of the right to have his disability determination made according to correct legal principles." *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987); *see Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)) (holding that the Court's review for legal error ensures "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the . . . Act.").

## II. Disability Determination

An individual under the age of eighteen is considered disabled within the meaning of the Act "if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). The Commissioner has set forth a three-step process to determine whether a child is disabled as defined under the Act. *See* 20 C.F.R. § 416.924.

At step one, the ALJ determines whether the child is engaged in substantial gainful work activity. 20 C.F.R. § 416.924(b). If so, the child is not disabled. *Id.* If not, the ALJ proceeds to step two and determines whether the child has a medically determinable impairment(s) that is "severe." *Id.* § 416.924(c). If the child does not have a severe impairment(s), he or she is not disabled. *Id.* If the child does have a severe impairment(s), the ALJ continues to step three and examines whether the child's impairment(s) meets, medically equals, or functionally equals the listed impairments in Appendix 1 to Subpart P of Part 404 of the Commissioner's regulations (the "Listings"). *Id.* § 416.924(d).

In determining whether an impairment(s) functionally equals the Listings, the ALJ must assess the child's functioning in six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for himself or herself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1)(i)-(vi). To

functionally equal the Listings, the child's impairment(s) must result in "marked" limitations in two domains or an "extreme" limitation in one domain. *Id.* § 416.926a(a). A child has a "marked" limitation when his or her impairment(s) "interferes seriously" with his or her ability to independently initiate, sustain, or complete activities. *Id.* § 416.926a(e)(2). A child has an "extreme" limitation when his or her impairment(s) "interferes very seriously" with his or her ability to independently initiate, sustain, or complete activities. *Id.* § 416.926a(e)(3).

If the child has an impairment(s) that meets, medically equals, or functionally equals the Listings, and the impairment(s) meets the Act's duration requirement, the ALJ will find the child disabled. 20 C.F.R. § 416.924(d).

## DISCUSSION

### I. The ALJ's Decision

The ALJ made the following findings of fact and conclusions of law. Tr. 385-393. First, the ALJ found that Claimant was a school-age child on the date of application and an adolescent at the time of the hearing. Tr. 385. Second, the ALJ found that Claimant had not engaged in substantial gainful activity since September 17, 2013. *Id.* Third, the ALJ found that Claimant had the severe impairments of mental impairments variously diagnosed as attention deficit-hyperactivity disorder, adjustment disorder, disruptive mood dysregulation disorder, other specified trauma and stressor related disorder, and major depressive disorder. *Id.* Fourth, the ALJ found that Claimant did not have an impairment that meets or medically equals one of the listed impairments located in 20 C.F.R.

5

Part 404, Subpart P, Appendix. 1. *Id.* Fifth, the ALJ found that Claimant did not have an impairment or combination of impairments that functionally equaled the severity of the listings. Tr. 386. Lastly, the ALJ concluded that Claimant had not been disabled since September 17, 2013. Tr. 392.

## II. Plaintiff's Arguments

Plaintiff argues that the ALJ "flouted" the remand orders by the District Court and AC to develop the record. Dkt. No. 7 at 17-20. Plaintiff also argues that the ALJ impermissibly cherry-picked and mischaracterized the evidence. *Id.* at 20-26.

## III. Analysis

### A.   Compliance with Remand Order

Plaintiff argues that the ALJ failed to follow the remand order issued by the AC and this Court. Dkt. 7 at 17-20. Plaintiff asserts that the ALJ failed to obtain Claimant's school records and "legal system" records. *Id.* at 20.

The regulations state that the ALJ "shall take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeals Council's remand order." 20 C.F.R. § 404.977(b). Accordingly, an ALJ's failure to comply with the AC's order constitutes legal error, and necessitates a remand. *Angela M. v. Comm'r of Soc. Sec.*, 551 F. Supp. 3d 95, 99 (W.D.N.Y. 2021) (citing *Tracy v. Colvin*, No. 1:15-CV-980, 2017 WL 279556, at *2 (W.D.N.Y. Jan. 23, 2017)).

The AC remanded for "further proceedings consistent with the order of the court." Tr. 456. The District Court concluded remand was necessary because "primary-source educational and probation records appear to be missing or deficient." *McCloud o/b/o T.N.M. v. Comm'r of Soc. Sec.*, No. 17-CV-611, 2019 WL 2135480, at *2 (W.D.N.Y. May 16, 2019). The District Court reasoned that the lack of primary source records "could affect the analysis in this case" and "primary-source records might provide additional information." *McCloud o/b/o T.N.M.*, 2019 WL 2135480, at *2.

In general, the ALJ's duty to develop the administrative record applies even where, as here, Plaintiff is represented by counsel. *Rosa v. Callahan,* 168 F.3d 72, 79n.5 (2d Cir. 1999). But the agency is required affirmatively to seek out additional evidence only where there are "obvious gaps" in the administrative record. *Rosa,* 168 F.3d at 79 n.5 (2d Cir. 1999).

On remand, Claimant's record was updated, there were no obvious gaps, and the record was adequate for the ALJ to make a determination as to disability. *Perez v. Chater,* 77 F.3d 41, 48 (2d Cir.1996); *see Janes v. Berryhill*, 710 F. App'x 33, 34 (2d Cir. 2018) (the ALJ was "not required to develop the record any further [because] the evidence already presented [was] adequate for [the ALJ] to make a determination as to disability"). Further, Plaintiff's counsel requested and obtained additional time to secure records and subsequently submitted records to the agency, "representing that the matter was ready to be taken under advisement by the ALJ." *Eusepi*, 595 F. App'x 7, at 9 (2d Cir. 2014); *see Curley v. Comm'r of Soc. Sec. Admin.*,

7

808 F. App'x 41, 44 (2d Cir. 2020) (ALJ did not fail to develop the record where ALJ discussed the medical records with plaintiff's attorney, attorney did not state anything needed to be obtained, and attorney did not submit records to district court).

The record contains the entirety of Claimant's educational records. At all times during the application process, Claimant attended schools within the Buffalo Public School district and was in regular education classes. *See* Tr. 165, 178. The record contains a completed teacher questionnaire from 2013. Tr. 170-177. On remand, additional educational records were received, including high school attendance reports and transcripts. Tr. 595-599. The updated educational record also includes Claimant's enrollment history, report card for 2019-2020, and a "Behavior Detail Report" for 10th grade. Tr. 606-615.

Although the record contains reports to providers concerning Claimant's behavioral problems in school, records provided by the Buffalo Public School district do not contain reports of behavioral incidents. The only behavioral report provided by the schools was for 10th grade and was blank. Tr. 615. Additionally, a third-grade teacher assessment provided a first-hand account of Claimant's academic and behavioral functioning. Tr. 170-177.[3] At Claimant's hearing, the ALJ asked counsel if any records were outstanding. Tr. 404. Counsel indicated that the only

---

[3] The teacher indicated that Claimant had "no problem" or "a slight problem" in most activities within this domain, such as playing cooperatively and seeking attention appropriately. Tr. 173. The teacher noted that it was not necessary to implement behavior modification strategies for Claimant. *Id.*

8

pending request was for high school records. *Id.* The ALJ held the record open and additional educational records were received. Tr. 605. No additional educational records were submitted to this Court. Overall, additional education records were requested and received. In addition to attendance and grades reports, behavior records from Claimant's school were requested and the only report received was blank; therefore, the record was fully developed. *See Morris v. Berryhill*, 721 F. App'x 25, 27 (2d Cir. 2018) (the "theoretical possibility [that records exist] does not establish that the ALJ failed to develop a complete record").

In addition to education records, the record contains mental health and other treatment records containing information regarding Claimant's behavior in school and at home. Tr. 616-1917. For example, during the 2012-2013 school year, Claimant's father reported that she had several suspensions from school. Tr. 272. Indeed, Claimant was ultimately expelled from an elementary charter school due to behavioral issues. Tr. 59-60, 371. By August 2014, Claimant's father reported that she demonstrated improvements in her behavior at school, was better able to interact with peers, and had no instances of aggressive behavior at school. Tr. 1211-1212. In May 2015, Claimant's father reported she was behaving in school with no suspensions. Tr. 284. In October 2018, Plaintiff reported that Claimant was "talking back" and had stolen from a cousin; however, a parent teacher conference went well. Tr. 734. In 2018, Plaintiff reported that Claimant did not have any behavioral concerns in school. Tr. 833, 858, 879, 884. In 2020, Plaintiff denied any anger or aggression in Claimant. Tr. 1820. Therefore, the record

regarding Claimant's behavior was complete and sufficient for the ALJ to make a determination. *Janes,* 710 F. App'x at 34 (the ALJ was "not required to develop the record any further [because] the evidence already presented [was] adequate for [the ALJ] to make a determination as to disability").

The record relating to Claimant's probation was also adequate. Although the record does not contain primary source records from Claimant's probationary period, the record does contain descriptions of the incident requiring jprobation. *See Blackman v. Berryhill,* No. 1:16-CV-869, 2018 WL 3372963, at *4 (W.D.N.Y. July 11, 2018) (ALJ did not fail in his duty to develop the record where treatment summaries provided a comprehensive overview of plaintiff's mental health progress over the course of his treatment); *see also Aman v. Colvin,* 46 F. Supp. 3d 220 (W.D.N.Y. 2014) ("it appears that the Commissioner obtained all that there was to obtain, and plaintiff's contentions that more records existed, or that such records, if they did exist, would have supported her claim of disability, are wholly speculative"). Notations indicate that at the age of 8, Claimant and her older brother set fire to an abandoned property. Tr. 302.[4] They attempted unsuccessfully to put the fire out and the fire department was called. *Id.* The children were placed

---

[4] Claimant's father reported to her primary care provider that Claimant and her older brother were playing outside when they started a fire near an abandoned house. Tr. 302. The children attempted to put the fire out; however, they were unsuccessful, and the fire department was called. *Id.* The father reported that the children were "written up" and were "put on probation." *Id.* He indicated that the children were ordered to stay in front of their house, be home by 6pm, call their probation officer every day at 6pm, go to a "scared straight" program, and would be on probation for 3-4 months. *Id.*

on probation with a curfew. *Id.* Records indicate that probation was between 3-4 months. *Id.* The record contains no additional incidents requiring law enforcement. Therefore, although the record does not contain primary source records, the record contains summaries of the one-time event and subsequent probation.

In sum, the ALJ complied with the District Court's remand order. On remand, additional education records, treatment records, and testimony was obtained. Counsel was allowed additional time to submit records after the hearing and no additional records were submitted to this Court. The ALJ considered Claimant's educational records and notations of the fire-starting incident in his decision. Tr. 388-389. The ALJ also considered the treatment notations containing statements by Plaintiff, Claimant, and Claimant's father concerning Claimant's behavior at school and home. Tr. 389-392. Lastly, the record contains transcripts of two hearings during which Plaintiff, Claimant, and Claimant's father provided testimony concerning behavioral issues at school and the fire-starting incident. Tr. 46-73, 402-420. Therefore, the evidence presented was adequate for the ALJ to make a determination. *Janes,* 710 F. App'x 33, at 34 (2d Cir. 2018).

B.   **The ALJ's Treatment of the Evidence**

Plaintiff argues that the ALJ's evaluation of evidence was "wholly inadequate." Dkt. 7 at 21. Specifically, Plaintiff asserts that the ALJ misstated evidence concerning the fire-starting incident, failed to assess hearing testimony, misstated and ignored evidence from 2013, and failed to consider properly the effects of Claimant's self-harming behaviors. *Id.* at 21-26.

11

An ALJ is not required to "discuss in depth every piece of evidence contained in the record, so long [as] the evidence of record permits the Court to glean the rationale of an ALJ's decision." *Cichocki v. Astrue*, 729 F.3d 172, 178 n.3 (2d Cir. 2013) (quoting *Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983)). However, remand may be appropriate where a plaintiff demonstrates that an ALJ engaged in cherry picking or otherwise mischaracterized evidence. *Michelle J. v. Comm'r of Soc. Sec.*, No. 1:21-CV-306, 2023 WL 2623587, at *4 (W.D.N.Y. Mar. 24, 2023); *see Jackson v. Kijakazi*, 588 F. Supp. 3d 558, 585 (S.D.N.Y. 2022) ("Courts frequently remand an ALJ's decision when it ignores or mischaracterizes medical evidence or cherry-picks evidence that supports his RFC determination while ignoring other evidence to the contrary.").

First, Plaintiff asserts that the ALJ "minimized" the fire-starting incident because the ALJ misstated the year the event occurred, provided only a brief statement covering the event, and failed to mention that Claimant was placed on probation. Dkt. 7 at 22. The fact that the ALJ devoted only a brief statement covering the event does not, in and of itself, warrant remand. *Ryan on Behalf of V.D.C. v. Comm'r of Soc. Sec.*, No. 21-2947-CV, 2022 WL 17933217, at *2 (2d Cir. Dec. 27, 2022) (ALJ's discussion of pertinent evidence was brief but adequate). The ALJ's erroneous statement, that the fire-starting incident occurred in 2014, is not grounds for remand. Tr. 389; *see Ortiz v. Colvin*, 298 F. Supp. 3d 581, 591 (W.D.N.Y. 2018) (there is no evidence that the misidentification was anything but a harmless scrivener's error).

Although Plaintiff asserts the incident was "more significant," she fails to provide any evidence to support her assertion. *See Krull v. Colvin*, 669 F. App'x 31, 32 (2d Cir. 2016) ("Krull's disagreement is with the ALJ's weighing of the evidence, but the deferential standard of review prevents us from reweighing it.").

Second, Plaintiff asserts that the ALJ failed to mention the father's testimony that Claimant was expelled and "completely ignored and failed to summarize" Plaintiff's hearing testimony. Dkt. 7 at 22-23. To be sure, the ALJ did not specifically note in his decision that Claimant was expelled from a charter elementary school. Tr. 387. However, the ALJ did consider the father's testimony that Claimant displayed behavioral problems at school, including the specific incidents that lead to her expulsion. *Id.* ("[Claimant's father] alleged that she is unable to deal with others, and has beat up other kids and cut other kids['] hair."). The ALJ also considered the father's statements to the consultative examiner that Claimant was fighting at school. Tr. 388 (citing Tr. 261). The consultative examiner noted in his report that Claimant "got kicked out" of school for fighting. Tr. 261.

Further, in his analysis of the domain of interacting and relating with others, the ALJ cited treatment notations outlining Claimant's history of aggressive behaviors. Tr. 390. The ALJ specifically cited notations containing reports of suspension from school due to her behavior. *Id.* (citing Tr. 1022). Therefore, although the ALJ did not specifically address Claimant's one-time suspension in his

13

written decision, the ALJ summarized testimony and other evidence concerning Claimant's behavioral concerns at school.

Plaintiff also argues that the ALJ erred in his conclusion that Claimant's "behavior improved significantly" in February 2013. Dkt. 7 at 23. Plaintiff misreads the ALJ's decision. The ALJ did not conclude that Claimant's behavior "significantly" improved; the ALJ merely cited statements made by Claimant's foster parent to a provider that Claimant had "improved significantly." Tr. 388, citing Tr. 272.[5]

Third, Plaintiff argues that the ALJ "completely ignored and failed to summarize or otherwise refence [Plaintiff's] testimony at the September 2020 hearing." Dkt. 7 at 22-23. Plaintiff again misread the ALJ's decision. The ALJ specifically summarized Plaintiff's September 2020 hearing testimony. Tr. 387.

Fourth, Plaintiff argues that the ALJ failed to consider the effects of Claimant's self-harming behaviors and suicide attempts in the domain of health and physical well-being. Dkt. 7 at 24. The domain of health and physical well-being considers the "cumulative physical effects of physical and mental impairments" and associated treatment on a child's health and functioning. SSR 09-8p. The domain addresses how recurrent illness, the side effects of medication,

---

[5] The notation states, "[p]er [foster mother] [Claimant] was suspended from school for 3-days after pushing and injuring 4 students who 'cut' her in line on 2/6/13. Since returning to school, [Claimant] has improved significantly and won an award at the pep rally." Tr. 272.

14

and the need for ongoing treatment affect a child's body. *Id.* The ALJ found Claimant had "less than marked" limitation in this domain. Tr. 387.

In concluding that Claimant had less than marked limitation in the domain of health and physical well-being, the ALJ did not ignore the effects of Claimant's self-harming behaviors and suicide attempts. The ALJ noted that "treatment notes document superficial cutting behaviors and suicide attempts." Tr. 389. The ALJ also considered Claimant's treatment, including medication and counseling. Tr. 391. The ALJ reasoned treatment was "routine and conservative," and Claimant's physical conditions, such as asthma, were "controlled on medication." Tr. 391. The ALJ further noted that Claimant went for periods of time without treatment for her mental conditions. *Id.* The record does not contain any evidence of psychiatric hospitalization or in-patient psychiatric care. Tr. 995, 1689, 1918.

Plaintiff asserts that "[t]he ALJ failed to consider the cumulative physical effects of [Claimant's] self-harm and suicide attempts caused by her mental impairments." Dkt. 7 at 24. Plaintiff fails to present any record evidence in support of this argument and, therefore, her argument fails. *Lopez v. Berryhill*, 448 F. Supp. 3d 328, 346 n.3 (S.D.N.Y. 2020); *see Johnson v. Colvin*, No. 13-CV-6319, 2014 WL 1394365, *6 (W.D.N.Y. April 9, 2014) ("Since Plaintiff is represented by counsel, the Court presumes that if evidence in support of the memorandum's conclusory arguments were to be found, counsel would have cited to it. The Court is not required to comb the record in search of evidence in support of Plaintiff's position."). The ALJ properly summarized the evidence, and his

determination, that Claimant has less than marked limitation in the domain of health and physical well-being, was supported by substantial evidence.

## CONCLUSION

For these reasons, the Court **GRANTS** the Commissioner's cross motion for judgment on the pleadings (Dkt. 8) and **DENIES** Plaintiff's motion for judgment on the pleadings (Dkt. 7).  The Clerk of the Court will close this case.

SO ORDERED.

Dated:      August 23, 2023
            Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE